**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1082-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KRYA HARRISON,

     Defendant-Appellant.

_____

Submitted December 3, 2019 – Decided January 8, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 17-12-0715.

Hegge & Confusione, LLC, attorneys for appellant (Michael James Confusione, of counsel and on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren E. Bland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a bench trial, the trial judge found defendant guilty of two disorderly person offenses: obstructing administration of law or other governmental function, N.J.S.A. 2C:29-1(a), and resisting arrest, N.J.S.A. 2C:29-2A(1). The judge also found defendant guilty of five Title 39 violations: failure to produce driver's license, registration, and insurance, N.J.S.A. 39:3-29; failure to maintain lamps, N.J.S.A. 39:3-66; obstructing the passage of vehicles, N.J.S.A. 39:4-67; careless driving, N.J.S.A. 39:4-97; and unsafe operation of a vehicle, N.J.S.A. 39:4-97.2. Defendant appeals from the judgment of conviction entered on an October 25, 2018, arguing the record lacked sufficient credible evidence to find her guilty of the charges. We affirm.

We discern the following facts from the record. On November 22, 2016, Trooper Rafael Castro observed a truck with a hazardous shifted load driving along I-287, and initiated a traffic stop on the right side of the road. Trooper Castro instructed the truck's driver to exit the interstate immediately and that he would escort him to the left-hand exit across the four-lane highway. As Trooper Castro escorted the truck with emergency lights activated, he observed defendant's SUV approach from the rear, initially following the convoy slowly. Then, as the convoy signaled and moved toward the left-hand exit lane, defendant's SUV accelerated and overtook the convoy to the left, accelerating

into the exit lane and then back onto the interstate. This forced Trooper Castro and the truck to brake abruptly in order to avoid a collision.

Once Trooper Castro finished escorting the truck off the interstate, he pursued defendant's SUV for the motor vehicle violations committed. He used his siren to indicate that he intended to pull over defendant. At this point, defendant began braking in the left-hand lane, coming to a stop in the middle of that lane. Trooper Castro observed defendant's taillight was out. Trooper Castro pulled up next to the defendant, made eye contact, and motioned defendant to move to the right lane and pull over. Defendant did not respond to this command; instead, defendant continued slowly in the left lane, eventually coming to a sudden stop on the soft shoulder of the left median.

Trooper Castro approached defendant's vehicle and asked for her license, registration, and insurance. He explained he pulled her over because she almost hit the truck and for a broken taillight. Defendant asserted that Trooper Castro wrongfully stopped her. Whenever Trooper Castro attempted to answer defendant's questions regarding the stop, she would argue with him. He continued to explain his reasons for stopping defendant, while repeating his requests that she produce her credentials. Due to what she believed were the

3

trooper's false allegations, she claimed she was scared and called 9-1-1, asking for a sergeant to report to exit 13.

While defendant was still on the phone and after his fourth request for documentation, Trooper Castro informed defendant she was under arrest. At this point, defendant attempted to present her credentials; however, Trooper Castro explained it was too late and ordered defendant out of the car. Defendant did not comply and remained on the phone. Trooper Castro warned defendant he would have to use force if she continued her non-compliance.

After numerous requests and warnings, and after defendant attempted to remain in her vehicle by holding onto her steering wheel, Trooper Castro forcibly removed her from her vehicle. Defendant remained on the line with the 9-1-1 dispatcher throughout the arrest. Once Trooper Castro removed defendant from the vehicle, she went limp, forcing him to pick her up under her arms and drag her back to his patrol car. There, defendant again attempted to block herself from being put into the back seat of the patrol car. She began gagging, gasping and screaming, claiming she had a heart condition and couldn't breathe. In response, Trooper Castro called the EMS and advised them to respond to the Somerville barracks. He later testified that he had EMS meet them at the barracks because the location of the traffic stop presented safety concerns.

4

At the barracks, Trooper Castro escorted a still screaming defendant inside with the paramedics. Trooper Wilcomes, a female trooper, met defendant and asked her if she still wanted medical attention, which she did. Trooper Wilcomes accompanied defendant to the hospital, where she refused medical treatment. Once back at the barracks, Troopers Castro and Wilcomes processed defendant and released her.

A grand jury returned an indictment that charged defendant with knowingly calling 9-1-1 without purpose of reporting the need for 9-1-1 service, N.J.S.A. 2C:33-3(e) (fourth degree). In addition to the two disorderly person offenses, defendant was charged with a total of thirteen motor vehicle offenses: (1) careless driving, N.J.S.A. 39:4-97; (2) unsafe operation of a vehicle, N.J.S.A. 39:4-97.2; (3) failure to maintain travel on marked lanes, N.J.S.A. 39:4-88; (4) failure to provide clearance for authorized emergency vehicles, N.J.S.A. 39:4-92; (5) failure to yield right-of-way to emergency vehicles, N.J.S.A. 39:4-91; (6) obstructing the passage of vehicles, N.J.S.A. 39:4-88(b); (7) reckless driving, N.J.S.A. 39:4-96; (8) failure to maintain lamps, N.J.S.A. 39:3-66; (9) unsafe lane change, N.J.S.A. 39:4-88(b); (10) improper passing, N.J.S.A. 39:4-85; (11) failure to keep right, N.J.S.A. 39:4-88(a); (12) failure to produce

driver's license, registration, and insurance, N.J.S.A. 39:3-29; and (13) failure to wear seatbelt equipment, N.J.S.A. 39:3-76.2f.

On September 18, 2018, at the conclusion of a three-day trial, a jury found defendant not guilty of the charge of knowingly calling 9-1-1 without purpose of reporting the need for 9-1-1 service, N.J.S.A. 2C:33-3(e). The next day, the trial judge proceeded with a bench trial to resolve defendant's remaining charges. After hearing the closing argument from counsel, the judge delivered a comprehensive oral opinion.

The judge found five of the motor vehicle offenses had been proven beyond a reasonable doubt. Regarding defendant's failure to produce her license, registration and insurance, N.J.S.A. 39:3-29, the judge found defendant guilty, citing Trooper Castro's four clear requests to produce the required documents and defendant's failure to do so, without any explanation or request for more time. As for defendant's failure to maintain lamps, N.J.S.A. 39:3-66, the judge found the video evidence clearly proved the offense beyond a reasonable doubt.

Regarding reckless driving, N.J.S.A. 39:4-96, the judge found defendant's actions did not clearly establish a willful or wanton disregard of the rights or safety of others, but did constitute careless driving, N.J.S.A. 39:4-97, finding

6

her guilty of that charge. Specifically, the judge found that defendant's act of cutting off the truck in the exit lane, while it was being escorted by emergency lights, constituted careless driving. The judge found defendant guilty of unsafe operation of a vehicle, N.J.S.A. 39:4-97.2, based on the credible testimony of Trooper Castro, that defendant disregarded the police vehicle's warning lights, dangerously passed the truck, stopped in the left lane, and ignored the officer's direction to pull over to the right. As for obstructing the passage of vehicles, N.J.S.A. 39:4-88(b), the judge found defendant guilty, finding it "was clear and obvious that there [were] vehicles that were being impeded." The judge dismissed the remaining motor vehicle violations.

The judge also found the State proved defendant committed the two disorderly persons offenses beyond a reasonable doubt. As for resisting arrest, N.J.S.A. 2C:29-2A(1), the judge found the evidence established that Trooper Castro conducted a lawful traffic stop, clearly identified himself, and gave proper instructions while warning defendant of the consequences of non-compliance. Regarding the obstruction charge, N.J.S.A. 2C:29-1(a), the judge found defendant's actions of hindering her removal from her vehicle and her placement into the trooper's patrol car amounted to obstruction, notwithstanding her claimed fear of Trooper Castro.

The judge sentenced defendant to various fines and penalties after considering the applicable aggravating and mitigating factors. This appeal followed with defendant presenting the following point of argument:

> POINT I
>
> THE COURT SHOULD VACATE THE DISORDERLY PERSONS AND TRAFFIC OFFENSES AS THE FINDINGS MADE BY THE TRIAL JUDGE COULD NOT REASONABLY HAVE BEEN REACHED ON SUFFICIENT CREDIBLE EVIDENCE PRESENTED AT TRIAL AND IN LIGHT OF THE JURY VERDICT BELOW.

In an appeal from the judgment of conviction following a bench trial, we must determine whether the judge's findings "'could reasonably have been reached on sufficient credible evidence present in the record,' given the burden of proof, which is proof beyond a reasonable doubt." State v. Castagna, 387 N.J. Super. 598, 604 (App. Div. 2006) (quoting State v. Johnson, 42 N.J. 146, 161-62 (1964)).

We must defer to the trial court's findings if they were "substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Johnson, 42 N.J. at 161. We may not set aside the judge's factual findings unless they are clearly mistaken "and so plainly unwarranted that the interests of justice demand intervention and correction." Id. at 162.

In light of the jury verdict finding her not guilty of N.J.S.A. 2C:33-3(e), defendant contends the record lacks sufficient credible evidence to support the findings that she was guilty of obstruction, resisting arrest, and the four Title 39 charges. We disagree.

The trial judge correctly concluded that the jury's finding of a reasonable doubt that defendant purposely placed an improper 9-1-1 call did not preclude a finding that defendant purposely obstructed Trooper Castro or purposely resisted arrest. On the charge of obstruction, N.J.S.A 2C:29-l(a), the judge found that defendant did not follow Trooper Castro's instructions, did not produce her credentials, and did not comply with his commands to exit her vehicle. On the charge of resisting arrest, N.J.S.A 2C:29-2(a) (1), the judge found defendant guilty based on defendant's response when Trooper Castro advised her she was under arrest, and defendant grabbed the steering wheel to prevent her removal from her vehicle. Once removed from the vehicle, defendant went limp, necessitating Trooper Castro to carry her under her arms to his patrol vehicle, with defendant dragging her feet on the ground.

Regarding defendant's failure to produce her license, registration and insurance, N.J.S.A. 39:3-29, the judge found defendant guilty based upon Trooper

Castro's four clear requests to produce the required documents and defendant's failure to do so, without any explanation or request for more time.

Defendant also contends the judge could not reasonably find her guilty of unsafe operation of a vehicle, N.J.S.A. 39:4-97.2, and obstruction of other vehicles, N.J.S.A. 39:4-67, based on the record before him. However, the record clearly supports the guilty finding on both offenses. The judge found the credible evidence showed defendant's maneuver in passing the truck nearly caused a collision and forced the truck and Trooper Castro to break suddenly. The judge also found that the video evidence clearly showed that defendant's actions impeded other vehicles on the interstate.

We are satisfied the trial judge's findings were supported by the sufficient credible evidence in the record. We discern no basis to disturb the rulings in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION